UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE HUNT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C.J. LEWIS, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-2130 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Currently before the court are plaintiff's motion for a temporary restraining order and motion to amend the complaint. ECF Nos. 7, 8.

　　I.　　Application to Proceed In Forma Pauperis

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Motion for Temporary Restraining Order

Plaintiff seeks a temporary restraining order against various individuals at High Desert State Prison, and requests that they be ordered to stop harassing, intimidating, and threatening him. ECF No. 7.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Federal Rule 65(b)(1) permits issuance of a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has not provided the certification required by this rule, nor are the vague and conclusory allegations sufficient to demonstrate that he will suffer an immediate and irreparable injury or loss if the motion is not granted. Accordingly, the request for a temporary injunction is defective and should be denied.

The motion should also be denied as moot. The California Department of Corrections and Rehabilitation's inmate locator shows that plaintiff has been transferred from High Desert State

Prison in Susanville to California Medical Facility in Vacaville.[1] An inmate's transfer from a prison facility generally moots claims for injunctive relief against officials of that facility. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility" (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995))); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility and "demonstrated no reasonable expectation of returning to [the original facility]." (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986))). Therefore, to the extent plaintiff seeks an injunction against individuals who works at High Desert State Prison, his claims for relief are moot in light of his transfer to California Medical Facility and an absence of evidence that he will be subject to those conditions again.

### III. Motion to Amend

"The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8. Rule 8 requires that a complaint contain a "short and plain" statement setting forth the basis for federal jurisdiction (that is, why the lawsuit is filed in this federal court rather than a state court), and the basis for plaintiff's claims (that is, who did what to plaintiff and how he was harmed).

The proposed amended complaint does not contain a "short and plain" statement of the claims. Instead, the proposed amended complaint is fifty-eight pages, not including the additional sixty-four pages of exhibits; names fourteen to seventeen individual defendants;[2] and includes long, detailed summaries of the defendants' responsibilities, the events upon which the complaint is based, and policies plaintiff believes have been violated. ECF Nos. 9, 10. The motion to amend will therefore be denied as to the proposed amended complaint because it does not comply

////

---

[1] The Clerk of the Court will be directed to update plaintiff's address of record. However, plaintiff is advised that in the future, he must update the court when his address changes.
[2] The caption lists sixteen individuals while the list of defendants within the complaint includes only fourteen, one of which is not included in the caption. ECF No. 9 at 1, 4-10.

3

with Rule 8.  However, plaintiff will be given an opportunity to file an amended complaint that complies with Rule 8.

Plaintiff is cautioned that if he chooses to amend the complaint, he must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like or face dismissal of the complaint.  See McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases (citations and internal quotation marks omitted)).  The court (and defendants) should be able to read and understand plaintiff's pleading within minutes.  See McHenry, 84 F.3d at 1177 (pointing out that the form complaint for negligence previously provided in the Federal Rules "can be read in seconds and answered in minutes").  If plaintiff chooses to amend the complaint, he does not need to walk the court through every detail of what happened, and while he should identify what kinds of claims he is bringing (e.g. retaliation, due process, etc.), he does not need to provide legal arguments.  Instead, plaintiff should focus on providing a brief explanation of what each defendant did that he believes violated his rights.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion to amend (ECF No. 8) is granted to the extent that plaintiff will be given an opportunity to file an amended complaint that complies with Federal Rule of Civil Procedure 8.  The motion is denied as to the request to file the proposed first amended complaint.

////

4. The proposed first amended complaint (ECF No. 9) will be disregarded.

5. Within thirty days of the service of this order, plaintiff may file an amended complaint that complies with Federal Rule of Civil Procedure 8.  If plaintiff does not file an amended complaint, the court will proceed to screen the original complaint.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

7. The Clerk of the Court is directed to update plaintiff's address of record to California Medical Facility, P.O. Box 2000, Vacaville, CA 95696-2000.

8. The Clerk of the Court is directed to randomly assign a district court judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 7) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 30, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE