UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE HUNT, | No. 2:18-cv-2130 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| C.J. LEWIS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a first amended complaint, ECF No. 22, and motion for a ninety-day stay, ECF No. 26.

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

1

theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

////

II.     Complaint

The first amended complaint alleges that defendants Lewis, Clain,[1] Cimino, Ramsey, Sharp, and Mossman violated plaintiff's rights under the First, Eighth, and Fourteenth Amendments.[2] ECF No. 22. Specifically, plaintiff alleges that on August 3, 2017, he spoke with Clain about a 2013 rules violation report (RVR) that had resulted in plaintiff having six points taken from him. Id. at 10-11, ¶¶ 11-12. Plaintiff explained that he wanted the points restored because the RVR was supposed to have been re-issued and re-heard, but after nearly five years it had been neither re-issued nor re-heard, and he did not believe there was any reason he should not get his points back. Id. at 11, ¶ 13. He then gave Clain a CDCR 22 form that quoted the applicable part of the Department Operations Manual. Id. After reading the form, Clain threatened plaintiff and said that she and her supervisor, Cimino, were "going to pull some strings" so that the RVR would be reissued, and that plaintiff would be found guilty, so she did not have to fix his points. Id., ¶ 14. Plaintiff was then kicked out of Clain's office and over the following days the shock of being threatened by Clain caused him to suffer anxiety, depression, and nightmares where he relived being shot by officers. Id. at 11-13, ¶¶ 15-19.

About a week after plaintiff's meeting with Clain, she came by his cell and asked him if he had received the re-issued RVR. Id. at 13, ¶ 20. When plaintiff responded in the negative, she said that she had gotten the associate warden involved and that Mossman would write up the RVR and give it to plaintiff. Id., ¶¶ 20, 21. Plaintiff then submitted a CDCR 22 form to Mossman asking why Mossman was being told to re-issue an RVR from another institution. Id. at 14, ¶ 23. Mossman responded that it was not his idea to "bring it into the back door," which plaintiff took to mean the RVR was issued illegally. Id. Plaintiff further alleges that Clain and Cimino contacted Lewis by phone, email, or through another official to have Lewis assist them in issuing the RVR. Id., ¶ 25.

On September 25, 2017, Lewis gave plaintiff the re-issued RVR, written up by Mossman,

---

[1] Plaintiff alleges that defendant Clain was formerly named Smith. ECF No. 22 at 8, ¶ 5.
[2] Plaintiff also cites the Fourth Amendment, but this appears to have been a typographical error since he has identified it as an equal protection claim, ECF No. 22 at 21, which falls under the Fourteenth Amendment.

for an incident that occurred on April 2, 2013.  Id. at 16, ¶ 35.  A month later, defendants Sharp and Ramsey found him guilty of the charges.  Id., ¶ 37.  When plaintiff attempted to get a final copy of the RVR, he was told it was not in the system, which plaintiff believes confirms the RVR was illegal.  Id. at 17, ¶ 40.  He eventually received a copy of the RVR after submitting a grievance.  Id. at 20, ¶ 52.

### III.     Claim Which Will Require a Response

A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).  Plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (to prevail on a retaliation claim, plaintiff "need not establish an independent constitutional interest" was violated); Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[P]risoners may still base retaliation claims on harms that would not raise due process concerns.").

Plaintiff alleges that Clain had the RVR re-issued and re-heard in retaliation for plaintiff submitting a complaint about his points not being returned.  ECF No. 22 at 15, ¶ 28.  Liberally construed, plaintiff's allegations state a claim for retaliation and Clain will be required to respond to the complaint.  However, while it appears that plaintiff is also attempting to allege a retaliation claim against the other defendants, ECF No. 22 at 20-21, ¶¶ 54-59, he does not allege facts showing that the conduct of any defendant other than Clain was motivated by the complaint he filed and therefore fails to state a retaliation claim against any other defendant.

### IV.     Failure to State a Claim

#### A. Personal Involvement

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  "Vague and

conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Although plaintiff alleges that Clain told him she would get assistance from defendant Cimino, he has failed to identify any involvement by Cimino beyond a speculative allegation that he contacted Lewis and conclusory assertions that he was deliberately indifferent and treated plaintiff unequally. ECF No. 22 at 11, 14-15, 18 ¶¶ 14, 25, 30, 44. These vague and conclusory allegations are insufficient to state a claim for relief against Cimino.

### B. Deliberate Indifference

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. Then he must fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Plaintiff alleges that all defendants "acted dispicably [sic], knowingly, willfully, sadisticly [sic], maliciously, or with reckless or callous disregards for plaintiff's federal protected rights," ECF No. 22 at 17-18, ¶¶ 41-46, but fails to allege any facts showing that defendants were deliberately indifferent to his health or safety. While plaintiff claims to have suffered severe anxiety and depression after Clain kicked him out of her office, there are no allegations that she knew plaintiff would have such a reaction. Furthermore, plaintiff's conclusory assertions that defendants were deliberately indifferent to his safety, id. at 23, ¶¶ 66-68, and subjected him to cruel and unusual punishment, id. at 24-25, ¶¶ 71-74, are insufficient to state a claim for relief against any defendant.

////

### C. Equal Protection

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

Plaintiff does not allege membership in a protected class and instead alleges that all defendants treated him differently than other similarly situated inmates without any rational reason. ECF No. 22 at 15-16, ¶¶ 29-34. However, although plaintiff states that he has never heard of another prisoner at High Desert State Prion receiving an RVR four years later, id. at 19, ¶ 49, it is unclear whether that is because inmates whose RVRs were not re-issued within a certain timeframe had the RVRs cancelled or because there were no other inmates whose RVRs failed to get re-issued within the appropriate timeframe. Because the allegations are too conclusory and do not establish disparate treatment of similarly situated inmates, plaintiff fails to state an equal protection claim.

### D. Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). Rather, with respect to prison disciplinary proceedings that include the loss of good-time credits, an inmate must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional

goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

The complaint alleges that plaintiff lost good-time credits and was therefore entitled to the due process protections outlined in Wolff. However, plaintiff does not allege that he was denied any of the protections set forth in Wolff. Instead, he claims that his due process rights were violated because they "issued plaintiff a new illegal RVR without first fixing the old RVR." ECF No. 22 at 25, ¶ 77. Since plaintiff has not alleged that he was denied any of the due process required by Wolff, his due process claim fails.

V.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any cognizable claims other than a retaliation claim against defendant Clain. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Clain on his retaliation claim, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his retaliation claim against defendant Clain without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all claims against defendants Lewis, Cimino, Ramsey, Sharp, and Mossman and all claims against defendant Clain except for the retaliation claim.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.   Motion for Stay

On April 20, 2020, the court received plaintiff's request for a ninety-day stay of the proceedings because he was scheduled to attend state court on May 6, 2020.  ECF No. 26.  The motion will be denied as moot since it has been more than ninety days since plaintiff's hearing date.

VII.   Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated a claim for retaliation against defendant Clain. You have not alleged facts to state any additional claims against Clain or any other defendant.  You must allege more specific facts about what each defendant did or did not do.

You have a choice to make.  You may either (1) proceed immediately on your retaliation claim against defendant Clain and voluntarily dismiss all other claims and defendants or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims and defendants except your retaliation claim

8

against defendant Clain. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims and information not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a ninety-day stay, ECF No. 26, is DENIED as moot.

2. Except for the retaliation claim against defendant Clain, the complaint does not state any claims for which relief can be granted.

3. Plaintiff has the option to proceed immediately on his retaliation claim against defendant Clain as set forth in Section III above, or to amend the complaint.

4. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims except the retaliation claim against defendant Clain.

DATED: March 29, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE HUNT,<br><br>              Plaintiff,<br><br>     v.<br><br>C.J. LEWIS, et al.,<br><br>              Defendants. | No.  2:18-cv-2130 MCE AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his retaliation claim against defendant Clain without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all other claims against defendant Clain and all claims against defendants Lewis, Cimino, Ramsey, Sharp, and Mossman pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                              _____
                                              Tyrone Hunt
                                              Plaintiff pro se

1