UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE HUNT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C.J. LEWIS, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-2130 MCE AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a second amended complaint. ECF No. 44.

Plaintiff filed the original complaint on August 2, 2018. ECF No. 1. Before the court could screen the complaint, plaintiff filed a motion to amend, ECF No. 8, which was accompanied by a proposed first amended complaint, ECF No. 9. The motion was denied as to the proposed amended complaint, because it did not comply with Federal Rule of Civil Procedure 8, but was granted to the extent that plaintiff was given an opportunity to file an amended complaint that complied with Rule 8. ECF No. 11. After being granted an extension of time, ECF No. 17, plaintiff timely filed a first amended complaint, ECF No. 22.

On March 29, 2021, the undersigned screened the amended complaint under 28 U.S.C. § 1915A and found that it stated a single cognizable claim against one defendant. ECF No. 27. Plaintiff was given the options of (1) proceeding on that claim only, or (2) amending his

1

complaint for a second time at the pre-service stage. Id. at 9. He chose to proceed on the claim that the court had found adequate to proceed, and to dismiss all other claims and defendants without prejudice. ECF No. 28. Service was ordered accordingly, ECF No. 29, and the sole defendant waived service on June 1, 2021, ECF No. 36. The following day, the case was stayed to allow the parties to participate in the Post-Screening ADR Project. ECF No. 38. However, defendant requested to opt out of the early ADR Project. ECF No. 40. On July 7, 2021, the request to opt out was granted, the stay was lifted, and defendant was given until August 2, 2021, to file a response to the complaint. ECF No. 41.

On July 15, 2021, the court received plaintiff's motion for leave to file a second amended complaint. ECF No. 42. The motion was not accompanied by a second amended complaint, although a second amended complaint was subsequently received at the court on July 19, 2021 and entered on the docket on July 20, 2021. ECF No. 44. Plaintiff's motion was addressed summarily before the amended complaint was docketed. The undersigned ruled that plaintiff required leave of the court to amend because he had already amended the complaint once; the motion was denied because it the docket did not, at the time the court issued its order, reflect the filing of a proposed amended complaint. ECF No. 43. That order will now be vacated, as plaintiff had in fact submitted a proposed second amended complaint.

Under Federal Rule of Civil Procedure 15, a plaintiff may amend the complaint once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[A] plaintiff may amend in whatever order he sees fit, provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2)." Ramirez v. County of San Bernardino, 806 F.3d 1002, 1007 (9th Cir. 2015).

In denying the motion to amend, the undersigned incorrectly stated that plaintiff was required to obtain leave of the court because he had already amended the complaint once. ECF No. 43. Plaintiff's first amended complaint was filed with leave of the court, and he is therefore

2

still entitled to amend the complaint once as a matter of course so long as he is within the time limits imposed by Rule 15(a)(1).

Since defendant has not yet filed a responsive pleading, plaintiff is still within the time provided to file an amended complaint as a matter of course. See United States ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 193 (1st Cir. 2015) (the time to amend begins when plaintiff files his complaint, "the word 'within' merely specifies the point at which the right expires"). The motion to amend will therefore be denied as unnecessary, and the court will proceed to screen the second amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Review of the second amended complaint reveals that while plaintiff has reorganized the complaint and added some additional language, the additions simply re-iterate allegations that have already been made, resulting in a second amended complaint that is substantively identical to the first amended complaint. Compare ECF No. 22 with ECF No. 44. Accordongly, for the reasons set forth in the March 29, 2021 Screening Order (ECF No. 27), which is incorporated herein by reference, the second amended complaint should proceed only on the retaliation claim against defendant Clain. All other claims against defendant Clain and all claims against defendants Lewis, Cimino, Ramsey, Sharp, and Mossman should be dismissed.

Furthermore, the undersigned finds that dismissal should be without further leave to amend. Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide. Given that the second amended complaint is nearly identical to the first amended complaint, it does not appear that further amendment would result in further cognizable claims. As a result, leave to amend would be futile and the second amended complaint should be dismissed without leave to amend. See Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995) (the court may dismiss without leave to amend if the complaint cannot be cured by amendment).

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. The July 20, 2020 Order denying plaintiff's motion to amend, ECF No. 43, is VACATED.

2. Plaintiff's motion to amend, ECF No. 42, is DENIED as unnecessary.

IT IS FURTHER RECOMMENDED that, for the reasons set forth in the March 29, 2021 Screening Order (ECF No. 27), the second amended complaint should proceed on the retaliation claim against defendant Clain only.  All other claims against defendant Clain and all claims against defendants Lewis, Cimino, Ramsey, Sharp, and Mossman should be dismissed without leave to amend pursuant to 28 U.S.C. § 1915A.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 26, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE