UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE HUNT,<br>Plaintiff,<br>v.<br>C.J. LEWIS, et al.,<br>Defendants. | No. 2:18-cv-2130 MCE AC P<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendants' motion for summary judgment. ECF No. 64.

I. Procedural History

This case proceeds on the second amended complaint. ECF No. 45. On screening, the court found that plaintiff had stated a claim against defendant Clain for retaliation only, and all other claims against Clain and all claims against defendants Lewis, Cimino, Ramsey, Sharp, and Mossman were dismissed. ECF Nos. 45, 49. After the close of discovery, defendant Clain filed a motion for summary judgment (ECF No. 64), which plaintiff opposes (ECF No. 68).

II. Plaintiff's Allegations

The second amended complaint alleges that defendant D. Clain, formerly D. Smith, retaliated against plaintiff for submitting a complaint. ECF No. 44. Specifically, plaintiff alleges

that he saw Clain on August 3, 2017, regarding the restoration of points from a five-year-old rules violation report (RVR) that was supposed to have been reissued and reheard but never was. Id. at 9-10. He explained to Clain why he should receive his points back and then submitted a CDCR 22 form with the applicable rules quoted. Id. at 10. Clain took the form and then threated plaintiff that she and her supervisor would pull strings to get the RVR reissued and reheard so that plaintiff would be found guilty and she would not have to restore his points. Id. Approximately one week later, Clain asked plaintiff if he had received the reissued RVR. Id. at 12. When he responded in the negative, she told him that she had gotten the associate warden involved and that another officer would issue him the RVR. Id. When plaintiff questioned the other officer about reissuing the RVR, the officer responded "it wasn't my ideal [sic] to bring it into the back door," which meant that the RVR was issued illegally. Id. at 13. Plaintiff was eventually found guilty of the charges in the reissued RVR. Id. at 18.

III. Motion for Summary Judgment

A. Defendants' Arguments

Defendant moves for summary judgment on the grounds that plaintiff cannot establish the essential elements of retaliation, that he did not exhaust his administrative remedies prior to filing suit, and that she is entitled to qualified immunity. ECF No. 64-2.

B. Plaintiff's Response

At the outset, the court notes that plaintiff has failed to file a separate document in response to defendant's statement of undisputed facts that identifies which facts are admitted and which are disputed, as required by Local Rule 260(b).

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted), overruled on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). However, it is well-established that district courts are to "construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). The unrepresented prisoner's choice to proceed without counsel "is less than voluntary" and they are subject to "the handicaps . . . detention necessarily imposes

upon a litigant," such as "limited access to legal materials" as well as "sources of proof." Jacobsen v. Filler, 790 F.2d 1362, 1364 n.4 (9th Cir. 1986) (alteration in original) (citations and internal quotation marks omitted). Inmate litigants, therefore, should not be held to a standard of "strict literalness" with respect to the requirements of the summary judgment rule. Id. (citation omitted).

Accordingly, the court considers the record before it in its entirety despite plaintiff's failure to be in strict compliance with the applicable rules. However, only those assertions in the opposition which have evidentiary support in the record will be considered.

Plaintiff argues that Clain did retaliate against him and is not entitled to qualified immunity, and that he exhausted his administrative remedies. ECF No. 68 at 1-12.

## IV. Legal Standards for Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to

demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

Defendants simultaneously served plaintiff with notice of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure along with their motion for summary judgment. ECF No. 64-1; see Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir. 1988) (pro se prisoners must be provided with notice of the requirements for summary judgment); Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998) (en banc) (movant may provide notice).

## V. Undisputed Material Facts

Plaintiff did not separately respond to Defendant's Statement of Undisputed Facts (DSUF), and the facts are therefore deemed undisputed except as otherwise discussed. Additional facts have been taken from the record as appropriate.

### A. The Parties

At all times relevant to the complaint, plaintiff was a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR) and housed at High Desert State Prison (HDSP). DSUF (ECF No. 64-3) ¶ 1. At all relevant times, defendant Clain, who at the time also went by D. Smith, was a Correctional Counsel I at HDSP and plaintiff was assigned to her caseload. DSUF ¶ 3.

### B. Plaintiff's RVR

In 2013, plaintiff received an RVR for fighting. He was found guilty, and he had six points added to his classification score as a result. DSUF ¶¶ 11-13; Plaintiff's Opposition (PO) (ECF No. 68 at 1-12) ¶¶ 2, 26. The RVR was appealed and was ordered reissued and reheard but was not immediately reissued or reheard due to an administrative error. DSUF ¶¶ 15-16; PO ¶¶ 3-4. On August 3, 2017, plaintiff brought the issue to defendant's attention and requested that the six points be voided because the RVR had not been reissued or reheard. DSUF ¶¶ 5-6; PO ¶ 5. Defendant then discussed the issue with her supervisor. DSUF ¶ 17.

On September 14, 2017, the chief disciplinary officer issued a memo ordering the 2013 RVR reissued and reheard as originally ordered in the appeal decision. DSUF ¶ 20. The RVR was reissued the same day and a hearing took place on October 25, 2017, where plaintiff was once again found guilty. DSUF ¶ 21. On appeal of the rehearing, the RVR was dismissed and plaintiff's points were corrected. DSUF ¶ 25.

C. Plaintiff's Grievances

Plaintiff submitted two grievances that address conduct alleged in the second amended complaint: Appeal Nos. HDSP-18-00649 and HDSP-18-00807.[1] DSUF ¶ 27; PO ¶¶ 27-28.

Appeal No. HDSP-18-00649 alleged that "on 09-14-2017, C/O C.J. Lewis ordered an illegal CDCR 115 RVR (Log #C13-04-005) that was almost a half-decade old to be issued on plaintiff," and that he was found guilty of the RVR on October 25, 2017. ECF No. 64-6 at 13, 15. Plaintiff further alleged that it had been four months since the RVR was finalized but he still had not received a final copy of the RVR—which he needed to appeal the decision—because Lewis, D. Jodoin, and Lt. B. Sharp were withholding it to prevent him from appealing. Id. at 15. He stated that he wanted to make a citizen's complaint against Lewis and that his rights to due process and to be free from cruel and unusual punishment were being violated. Id. The appeal bypassed the first level of review and was partially granted at the second level. DSUF ¶ 29; ECF No. 64-6 at 13, 17-18.

Plaintiff appealed the decision and wrote:

> Dissatisfied totally! C.J. Lewis bypassed SOMS and the ERMS. It is unheard of anyone being given a RVR almost 5 years later. I had my glasses on when th[e] SHO ordered this RVR reissue/rehear. I had my glasses for years, so C.J. Lewis was not working in my best interest. Matter fact he has did me great harm. I want to exhaust my institutional remedies at the third level; for every conceivable due process right I had was intentionally violated. The 8th and 14th Amendment of the U.S. Constitution is gauranteed to me. C.J. Lewis had D. Clain, CCI; C. Cimin, CCII; C. Mossman, C/O; Lt. L. Sharp;

---

[1] Plaintiff also filed three related appeals claiming that he did not receive a final copy of the RVR after the rehearing, that C.J. Lewis ordered O. Oliver to take an additional ninety days taken from plaintiff in retaliation for filing Appeal No. HDSP-18-00649, and that the appeals coordinator was trying to help C.J. Lewis by withholding the appeal in Appeal No. HDSP-18-00807 to prevent it from being exhausted. See ECF No. 64-6 at 155-215, 237-241. The appeals all relate to conduct that occurred after that alleged in the complaint and do not mention defendant.

> Lt. J. Ramsey; Capt. K. Grether; S. Mey, C/O; D. Jodoin, C/O; E. Smith, C/O; O. Oliver, CRA; and N. Spearman the warden to help and assist him in violating my rights. Please allow me to exhaust my remedies for I can get the courts help. I'm tired of C.J. Lewis telling me I have no rights; when the court says I have lots of rights to protect me. I can prove that C.J. Lewis and the forementioned defendants whole intentions was to cause me physical, emotional, psychiatric, and spiritual injury. And I wish that the NAACP or ACLU would do a full investigation. I can easily prove this case, if someone cared to look.

ECF No. 64-6 at 14, 16. The appeal was cancelled at the third level as duplicative of Appeal No. HDSP-18-00807. DSUF ¶ 31; ECF No. 64-6 at 12.

Appeal No. HDSP-18-00807 alleged that on April 2, 2013, plaintiff was issued RVR Log #SAC-13-04-005 at California State Prison-Sacramento and that after being found guilty, he had ninety days taken and six points added by the classification committee. ECF No. 64-6 at 85, 87. The RVR was ordered reissued and reheard on July 19, 2013, but it was not reissued until almost five years later at HDSP because the original facility did not want to pursue it. Id. at 87. Plaintiff further asserted that C.J. Lewis ordered C/O Mossman to reissue and rehear the RVR, and Mossman later became plaintiff's investigative employee, which violated his due process rights. Id. Lt. Sharp and Lt. Ramsey heard the RVR, found plaintiff guilty, and took another ninety days from him, violating his rights and subjecting him to double jeopardy because he had already had to work to have the original ninety days restored. Id. Plaintiff claimed that the reissued RVR violated his rights and that he still had six points from the original RVR, which was another due process violation. Id. The appeal bypassed the first level of review and was partially granted at the second level. DSUF ¶ 33; ECF No. 64-6 at 85, 89-91.

Plaintiff appealed the decision, stating that his time and points had not been corrected and that he needed the incident fully investigated because it was intentional misconduct to reissue the RVR. ECF No. 64-6 at 86. The Office of Appeals, which acted as the third level of review, found that the appeal had been exhausted at the second level and there were no unresolved issues to be reviewed. DSUF ¶ 34; ECF No. 64-6 at 84.

////

////

VI. Discussion

Since a failure to exhaust administrative remedies will bar plaintiff's claim regardless of its merits, the court will address exhaustion first.

A. Legal Standard for Exhaustion

Because plaintiff is a prisoner suing over the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." Ross v. Blake, 578 U.S. 632, 638 (2016) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

Failure to exhaust is "an affirmative defense the defendant must plead and prove." Jones v. Bock, 549 U.S. 199, 204, 216 (2007). "[T]he defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). "[T]here can be no 'absence of exhaustion' unless some relief remains 'available.'" Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005) (emphasis in original). Therefore, the defendant must produce evidence showing that a remedy is available "as a practical matter," that is, "it must be capable of use; at hand." Albino, 747 F.3d at 1171 (citation and internal quotations marks omitted). "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'" Ross, 578 U.S. at 639. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. (citation omitted). For exhaustion to be "proper," a prisoner must comply with the prison's procedural rules, including deadlines, as a precondition to bringing suit in federal court. Woodford, 548 U.S. at 90

("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218; see also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion'" (quoting Jones, 549 U.S. at 218)).

As long as some potential remedy remained available through the administrative appeals process, even if it was not the remedy he sought, plaintiff was required to exhaust his remedies. Booth v. Churner, 532 U.S. 731, 741 & n.6 (2001) ("Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). The Supreme Court has identified "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross, 578 U.S. at 643. "First, . . . an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. (citing Booth, 532 U.S. at 736). "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Id. Finally, administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 644.

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168.

B. California Regulations Governing Exhaustion of Administrative Remedies

Exhaustion requires that the prisoner complete the administrative review process in accordance with all applicable procedural rules. Woodford, 548 U.S. at 90. This review process is set forth in the California Code of Regulations. At the time relevant to this complaint, those regulations allowed prisoners to "appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse

effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2018).

At the time plaintiff was proceeding through the appeals process, it was comprised of three levels of review for most types of appeals. Id. § 3084.7. In most cases, an appeal was required to go through all three levels of review to be deemed exhausted. Id. § 3084.1(b). The appeal was required to "list all staff member(s) involved and shall describe their involvement in the issue" and if the inmate did not have identifying information, they were to "provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." Id., § 3084.2(a)(3).

An appeal coordinator could refuse to accept an appeal, in which case "the inmate or parolee [would] be notified of the specific reason(s) for the rejection or cancellation of the appeal and of the correction(s) needed for the rejected appeal to be accepted." Id. § 3084.5(b)(3). An appeal could be cancelled if it "duplicate[d] an inmate or parolee's previous appeal upon which a decision [had] been rendered or [was] pending" Id. § 3084.6(c)(2). A cancelled appeal could not be accepted unless it was determined that the cancellation was in error or new information made the appeal eligible for further review. Id. § 3084.6(a)(3), (e). However, the cancellation of the appeal could be separately appealed. Id. § 3084.6(e). "[A] cancellation or rejection decision [did] not exhaust administrative remedies." Id. § 3084.1(b).

C. Analysis

The parties are in agreement that plaintiff filed two appeals regarding the allegations in the second amended complaint. ECF No. 64-2 at 19-20; ECF No. 68 at 5, 10. However, they dispute whether these appeals were sufficient to exhaust plaintiff's administrative remedies as to the remaining retaliation claim against defendant Clain. ECF No. 64-2 at 21-22; ECF No. 68 at 5, 10.

Review of Appeal No. HDSP-18-00649 shows that plaintiff did identify Clain in his third-level appeal. ECF No. 64-6 at 16. However, his only claim against defendant is that she assisted C.J. Lewis in "violating my rights," and neither level of the appeal alleges that defendant, or any other individual, had the grievance reissued and reheard because plaintiff filed a complaint or participated in some other kind of protected conduct. Id. at 13-16. Appeal No. HDSP 18-00807

also fails to make any claim that plaintiff's RVR was reissued and reheard because he filed a complaint, and there is no mention of defendant—as either D. Clain or D. Smith—at any level of the appeal. Id. at 85-87.

Assuming both appeals were properly exhausted,[2] neither is sufficient to constitute exhaustion of administrative remedies as to the retaliation claim against defendant. "A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010). However, neither appeal alleges facts showing that plaintiff participated in protected conduct, let alone that such conduct was what motivated the decision, by any individual, to have the RVR reissued and reheard.

VII. Conclusion

As set forth above, plaintiff failed to exhaust his administrative remedies as to the single retaliation claim remaining against defendant Clain, and defendant's motion for summary judgment should be granted on this ground. Because the claim is unexhausted, the court declines address the motion for summary judgment as to its merits. The court therefore need not address defendant's assertion of qualified immunity.

VIII. Plain Language Summary of this Order for a Pro Se Litigant

You did not exhaust your administrative remedies for your retaliation claim against defendant Clain prior to filing the complaint. Neither of your grievances exhausted administrative remedies because they did not include information that would have put the prison on notice that defendant, or any other individual, had your RVR reissued and reheard *because* you made a complaint.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Clain's motion for summary judgment (ECF No. 64) be granted on the ground that plaintiff did not exhaust his administrative remedies; and

2. Judgment be entered for defendant.

---

[2] Defendant argues that Appeal No. HDSP-18-00649 was not properly exhausted (ECF No. 64-2 at 21), while plaintiff asserts that it was (ECF No. 68 at 5).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 21, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE